**John P. ARMBRUSTER, et al., Plaintiffs,**

v.

**UNISYS CORPORATION, Defendant.**

**Civil Action No. 91–5948.**

United States District Court,
E.D. Pennsylvania.

Feb. 2, 1996.

Jeffrey A. Smith, Walter H. Flamm, Sara A. Begley, Thomas J. Cole, Clark, Ladner, Fortenbaugh & Young, Philadelphia, PA, for Plaintiffs.

Joseph J. Costello, Richard G. Rosenblatt, Morgan, Lewis & Bockius, PHILA, PA Michael J. Ossip, Philadelphia, PA, Joseph A. Teklits, Unisys Corporation, Blue Bell, PA, for Defendant.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

In the course of a reduction-in-force, Unisys Corporation ("Unisys") terminated the employment of the fourteen plaintiffs named in this case. These plaintiffs allege that Unisys targeted them for termination because of their age and attempted to mask its discrimination by selecting them for a new work group, called Customer Technical Services Project Management Organization ("CTS/PMO"), which Unisys created for older persons it intended to terminate. The district court granted summary judgment in favor of Unisys on the claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and the claims of discrimination under section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140. The plaintiffs appealed the order granting summary judgment in favor of Unisys with regard to the ADEA claim only. The Court of Appeals for the Third Circuit affirmed the order of the district court to the extent that the district court had found the evidence of record insufficient to support a mixed-motives discrimination theory of liability. *Armbruster v. Unisys Corp.*, 32 F.3d 768, 781 (3d Cir.1994). However, the Court of Appeals reversed the order of the district court relating to the pretext framework for discrimination, stating that the evidence of record, when viewed in the light most favorable to plaintiffs, created a genuine issue of material fact as to whether the plaintiffs were transferred or terminated because of their age. *Id.* at 783–84.

During the summary judgment proceedings, the plaintiffs proffered a comment by Robert Markell ("Markell"), a Unisys Vice President, allegedly made at a meeting to discuss labor costs on April 19, 1990. According to two plaintiffs who attended the meeting, Markell stated: "[T]his company cannot afford to keep people over 50 and 50," meaning those employees over 50 years of age who were earning over $50,000 annually. The district court found the statement inadmissible double hearsay under Fed.R.Evid. 801(d)(2)(D) and Fed.R.Evid. 805 because the

plaintiffs could not identify the individual member of upper management who gave Markell this impression. *See id.* at 775. Markell himself was not a decisionmaker involved with the transfers or the terminations of plaintiffs and had left Unisys four months before the CTS/PMO group was created, and there was no evidence connecting the proffered comment to any other decisionmaker associated with the plaintiffs' transfers into or terminations from the CTS/PMO group. *Id.* Thus, the district court concluded that the Markell statement did not qualify as an admission by a party opponent. In addition, the alleged comment by Markell was made several months before plaintiffs were transferred into the CTS/PMO group. *Id.*

The Court of Appeals for the Third Circuit affirmed the evidentiary ruling of the district court with regard to the purported comment by Markell. The Court of Appeals stated:

> Markell's alleged statement is not attributable to a decisionmaker connected with the CTS/PMO employment decisions and is too remote in time from the creation of the CTS/PMO to constitute overt evidence to show Unisys had a discriminatory animus towards older employees.... Thus, the district court correctly determined Markell's statement did not constitute overt evidence of discriminatory animus.

*Id.* at 779 (citations omitted). In a footnote the Court of Appeals affirmed the district court ruling that Markell's statement was inadmissible double hearsay under Fed. R.Evid. 801(d)(2)(D) and Fed.R.Evid. 805. *Id.* at 779 n. 16.

On remand, the plaintiffs once again attempt to introduce the Markell statement as evidence to support their claims of discrimination under the ADEA. Plaintiffs contend that the statement is admissible for the purpose of demonstrating Markell's opinion as to Unisys company policy toward older employees. Pending before this Court is the motion in limine of Unisys to preclude the admission into evidence of the Markell statement (Document No. 34). For the reasons set forth below, the motion of Unisys will be granted.

## DISCUSSION

Unisys contends that the law of the case doctrine precludes the admission of the Markell statement. Discussing the doctrine, the Court of Appeals for the Third Circuit has stated:

> It is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal. A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.

*Bankers Trust Co. v. Bethlehem Steel Corp.,* 761 F.2d 943, 949 (3d Cir.1985) (citations omitted). According to Unisys, the district court is bound by the ruling of the Court of Appeals that the Markell statement is inadmissible double hearsay and insufficient to constitute overt evidence of discriminatory animus. *See Armbruster,* 32 F.3d at 779 & n. 16. Plaintiffs submit, however, that the law of the case doctrine does not bind this Court because the Court of Appeals did not render the Markell statement inadmissible for all purposes. Plaintiffs proffer the Markell statement to demonstrate Markell's opinion as to Unisys company policy regarding its treatment of older workers in the context of a pretext theory of liability. It appears that in their brief to the Court of Appeals, plaintiffs previously offered the Markell statement for this purpose. *See* Brief of Appellants/Plaintiffs at 27 (the "statement could easily be inferred to be simply [Markell's] understanding and pronouncement of company policy"). However, the published opinion of the Court of Appeals does not expressly review the admissibility of the Markell statement on this basis. *See Armbruster,* 32 F.3d at 779. I do not believe that the law of the case doctrine binds this Court because the plaintiffs made this argument in their brief, without any indication from the Court of Appeals that it made a finding or conclusion on this specific issue.

Assuming the law of the case doctrine does not apply, this Court must determine whether *Abrams v. Lightolier Inc.* serves as controlling precedent for the admissibility of the Markell statement as the opinion of Markell regarding Unisys company policy. *See Abrams v. Lightolier Inc.,* 50 F.3d 1204 (3d Cir.1995). In *Abrams,* the Court of Ap-

peals for the Third Circuit found that the district court did not abuse its discretion when it admitted into evidence the statement of a non-decisionmaker supervisor for the purpose of demonstrating the opinion of an agent of the company regarding the company's policy toward older workers. *See id.* at 1215–16. Milton Hinsch ("Hinsch"), a former purchasing manager, testified that his supervisor, Douglas Pedder ("Pedder"), stated on several occasions, usually at the time of a performance review, that "the company frowned on older people." *Id.* at 1215. Although neither Hinsch nor Pedder were decisionmakers involved with the termination of the plaintiff in *Abrams,* the district court permitted the testimony of Hinsch to demonstrate the opinion of Pedder regarding company policy. *Id.* at 1216. Because "a subordinate's account of an explanation of the supervisor's understanding regarding the criteria utilized by management in making decisions on hiring, firing, compensation, and the like is admissible against the employer," and having perceived no double hearsay problem, the Court of Appeals found that the district court did not err. *Id.*

Nothing in *Abrams* indicates an intent to overrule the previous decision in *Armbruster.* Unisys correctly points to the internal operating procedures of the Court of Appeals that state:

> It is the tradition of this court that the holding of a panel in a reported opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a published opinion of a previous panel. Court in banc reconsideration is required to do so.

Internal Operating Procedures of the United States Court of Appeals for the Third Circuit at 9.1. Therefore, *Abrams* does not mandate the admission of the Markell statement.

Plaintiffs contend that the evidentiary issue at bar is indistinguishable from that discussed in *Abrams.* I disagree. It is true that the statement by Pedder in *Abrams* and the Markell statement at issue before this Court (1) were made by individuals authorized to discuss employment policies but uninvolved with the decisionmaking surrounding the respective plaintiffs in each case and (2) did not refer to the particular

employment decision giving rise to the lawsuit. In *Abrams,* however, the statement by Pedder to Hinsch that "the company frowned upon older people" was made on several occasions and usually in the context of Hinsch's performance review. The evidence before me recounts one instance where Markell allegedly made the "over 50 and 50" comment and it occurred during a general business meeting to discuss labor costs, which I find to be a quite different setting.

Plaintiffs contend that they offer the Markell statement to show the opinion of an agent regarding Unisys company policy. Markell did not play a role in the formation of CTS/PMO or the selection of plaintiffs for transfer or for layoff, and there is no evidence that the formation of CTS/PMO had been contemplated when the Markell statement was made. Thus, there is no "evidentiary connection between the [alleged] age-biased statements and the decisionmaker's motive for the adverse employment decision." *See EEOC v. United States Steel Corp.,* 649 F.Supp. 964, 967 (W.D.Pa.1986) (statements not connected in time with plaintiff's termination nor attributable to the specific decisionmaker); *see also Gomez v. Allegheny Health Servs., Inc.,* 71 F.3d 1079, 1085 (3d Cir.1995) (written comments were temporally remote to the adverse employment decision and no evidence that the decisionmakers saw or heard of these comments); *Ezold v. Wolf, Block, Schorr and Solis–Cohen,* 983 F.2d 509, 545 (3d Cir.1992) ("Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision.")

■ Even assuming that Markell's opinion is marginally relevant, I question the probative value of his opinion when he had no involvement with the decisionmaking at issue. Although Markell worked with Gerald Gagliardi ("Gagliardi"), a Unisys Vice President who created CTS/PMO and made the decisions as to who would be transferred into CTS/PMO, and may have been privy to the general decisionmaking processes of Gagliardi, Markell did not work with Gagliardi at the time the transfers were made and, in fact, left Unisys before Gagliardi decided to create CTS/PMO. Furthermore, Markell

testified that Gagliardi never made any statements concerning employees' ages. *Armbruster*, 32 F.3d at 779 & n. 16. Having found that the connection between Markell and any decisionmaker involved with the adverse employment decisions about which plaintiffs complain is attenuated and that the "over 50 and 50" comment is remote in time, I conclude that it is not probative of the ultimate issue in the case—discriminatory animus on the part of the decisionmaker.

The Court of Appeals for the Third Circuit has already ruled that the Markell statement cannot be admitted to prove the truth of the matter asserted. It appears as if the newly asserted evidentiary purpose for the Markell statement is an attempt by plaintiffs to pass through a back door in order to attribute the substance of the Markell statement to Unisys and forge a link between a non-decisionmaker and the company. Even with a limiting instruction by the Court, I fear that a jury will be misled into believing that the so-called "opinion" of one individual, who had no involvement with the adverse employment decisions at issue, reflects an unwritten policy employed by the decisionmakers involved with the transfers and terminations of plaintiffs. Without evidence from which to impute the Markell statement to the decisionmakers germane to plaintiffs' claims, the admission of the statement would cause unfair prejudice, which would substantially outweigh the de minimis probative value of the statement. Upon consideration of the balancing test under Fed. R.Evid. 403, and in the proper exercise of my discretion, this back door will remain locked, and the Markell statement will not be admitted into the evidentiary record.

An appropriate order follows.

### ORDER

**AND NOW**, this 2nd day of February, 1996, upon consideration of the motion in limine of defendant Unisys Corporation ("Unisys") to preclude from admission into the record the statement "[T]his company cannot afford to keep people over 50 and 50," allegedly made by Robert Markell, (Document No. 34), and the response and surreply of plaintiffs thereto, and based upon the foregoing memorandum, having found that the danger of the unfair prejudicial effect of the statement substantially outweighs its probative value under Fed.R.Evid. 403, it is hereby

**ORDERED** that the motion is **GRANTED** and plaintiffs in these consolidated cases are precluded from offering the proffered testimony set forth in Section III.A. Plaintiffs' Contested Facts Relating to Liability paragraphs 142 through 154 inclusive of the Amended Joint Pretrial Order received November 8, 1995, and the proffered purported "50 & 50" attitude of the defendant shall not be mentioned at trial in the presence of the jury.